IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA P. BRAITHWAITE,

                Plaintiff,

v.

LEFFLER, et al.,

                Defendants.

OPINION and ORDER

21-cv-425-wmc

---

*Pro se* plaintiff Joshua Braithwaite contends that between December 28, 2020, and January 2, 2021, several dozen Wisconsin Secure Program Facility officers allowed him to seriously harm himself with razor blades, requiring several stitches. The court granted Braithwaite leave to proceed in this lawsuit against 29 WSPF employees under the Eighth Amendment, for their alleged failure to protect him from self-harm. The court also granted Braithwaite leave to proceed against seven nurses under the Eighth Amendment and state law, for failing to provide him necessary medical attention after he harmed himself. Braithwaite now seeks to amend his complaint to: (1) proceed under state-law against the 29 officers; (2) grant him leave to proceed on a retaliation claim; and (3) grant him leave to proceed on failure to protect claims against the dismissed officer defendants. (Dkt. #33.)

As for his first request, in its prior order, the court granted Braithwaite leave to proceed on constitutional claims against 29 defendants who failed to protect him from committing self-harm between December 28, 2020, and January 2, 2021. Exercising supplemental jurisdiction over Braithwaite's proposed state-law claims against those same

defendants, the court dismissed Braithwaite's supplemental state-law claims because Braithwaite had not alleged that he fulfilled Wisconsin's Notice of Claim requirement. (*See* dkt. 32, at 14.) Now Braithwaite says that he mailed a Notice of Claim to the Office of the Attorney General and did not receive a response. Braithwaite does not allege that he included the name of each of the 29 defendants against whom he is proceeding on failure to protect claims, and Braithwaite's copy of the Notice of Claim form he says he sent is unreadable (*see* dkt. #33-3.) The court will resolve this ambiguity in Braithwaite's favor and grant him leave to proceed against defendants Leffler, Jones, Fishnick, Dr. Hoem, Mann, Duve, Castel, Reynold, Strong, Wilkinson, Weadge, Bresee, Payne, Hagensick, Wieggl, Webster, Collings, Mutiva, Waldera, Taylor, Govier, Mellen, Fischer, Scullion, Hohn, Bird, Brown, Schissel, and Unit Manager Brown, on supplemental negligence claims, for the same events supporting Braithwaite's Eighth Amendment failure to protect claims.

Braithwaite next asks that the court allow him to pursue retaliation claims against and failure to protect claims against the defendants the court previously dismissed for lack of personal involvement. The court denied Braithwaite leave to proceed on retaliation claims because he did not allege that the individuals involved in charging him in a conduct report, defendants Kartman and Boisen, punished him for engaging in constitutionally protected conduct. Now Braithwaite says that after he submitted an inmate complaint about his incidents of self-harm, WSPF-2021-1355, Ellen Ray discussed his complaint with the defendants he refers to as the "M team." Braithwaite contends that the "M team" officers then started retaliating against him. But in his motion, Braithwaite does not state who was on the M team, nor does he direct the court to where in his pleadings he provided

2

details about his interactions with the defendants the court dismissed for lack of personal involvement. Therefore, the court sees no basis for permitting Braithwaite to proceed on a retaliation claim in this lawsuit.

Braithwaite also alleges that Ray lied in his communications with her. But in support Braithwaite directs the court to information requests between him and Ray from May 2022. Braithwaite does not connect those communications to the events of this lawsuit, other than to assert that he is suffering ongoing retaliation. Therefore, the court declines to add Ray as a defendant.

Braithwaite also asks that the court grant him leave to proceed against additional officers on failure to protect claims. But Braithwaite is already proceeding against 29 officers on failure to protect claims, and he does not support this request with any proposed allegations or documentation suggesting that more individuals consciously disregarded his threats of self-harm and self-harming behaviors. It will be a difficult task for Braithwaite to prove each of these claims as it stands, so he would be wise to focus his efforts on gathering evidence related to the claims he has been granted leave to pursue, as opposed to inserting additional claims and defendants.

Finally, Braithwaite challenges the court's denial of his request for a preliminary injunction, saying that he is dealing with an ongoing serious medical need. But Braithwaite does not support that conclusory assertion with any allegations or evidence in support. Instead, Braithwaite directs the court to an inmate complaint, WSPF-2022-4671, and a doctor's note, which he says shows his psychosis. But that documentation does not show that WSPF officials currently are ignoring his threats of self-harm or need for mental health

treatment. Braithwaite also submits policies related to suicide prevention and mental health treatment. (*See* dkt. ##34, 34-1.) Although these policies may be relevant to Braithwaite's claims in this lawsuit, they have no bearing on whether he is entitled to injunctive relief here. Therefore, there is no basis to reconsider the denial of Braithwaite's request for a preliminary injunction.

ORDER

IT IS ORDERED that plaintiff Joshua Braithwaite's motion to amend (dkt. #33) is GRANTED in part and DENIED in part. Braithwaite is GRANTED leave to proceed on state-law negligence claims against Leffler, Jones, Fishnick, Dr. Hoem, Mann, Duve, Castel, Reynold, Strong, Wilkinson, Weadge, Bresee, Payne, Hagensick, Wieggl, Webster, Collings, Mutiva, Waldera, Taylor, Govier, Mellen, Fischer, Scullion, Hohn, Bird, Brown, Schissel, and Unit Manager Brown. Braithwaite is DENIED leave to proceed on any other claims or against any additional defendants.

Entered this 18th day of November, 2022.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge