IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOSHUA P. BRAITHWAITE,

                              Plaintiff,

        v.                                          OPINION and ORDER

LEFFLER, et al.,                                    21-cv-425-wmc

                              Defendants.

        *Pro se* plaintiff Joshua Braithwaite contends that between December 28, 2020, and

January 2, 2021, several dozen Wisconsin Secure Program Facility officers allowed him to

harm himself seriously enough with razor blades to require stitches.  The court granted

Braithwaite leave to proceed against 29 WSPF employees under the Eighth Amendment

and state law for their alleged failure to protect him from self-harm.  The court also granted

Braithwaite leave to proceed against seven nurses under the Eighth Amendment and state

law for failing to provide him with necessary medical attention after he harmed himself.

The parties have numerous motions pending, including defendants' motion for summary

judgment.  Of the motions currently under advisement with the court, this brief order will

address Braithwaite's submissions related to his request for a preliminary injunction,

defendant McGeough, filing fees, and notice of claim requirements.  (Dkt. ##49, 50, 51,

52, 58, 59, 61, 71, 72, 75, 83, 85, 98.)

        In a series of motions, plaintiff Joshua Braithwaite asks the court to reconsider its

denial of his motion for a preliminary injunction ordering his transfer out of the Wisconsin

Secure Program Facility ("WSPF") to the Wisconsin Resource Center ("WRC").  The court denied that motion as well as his motion for reconsideration because Braithwaite had not submitted evidence that he continues to face a substantial risk of serious harm due to defendants' handling of his mental health issues.  (*See* dkt. ##32, 37.)  Braithwaite's pending submissions seeking reconsideration do not suggest a change in circumstances.  Instead, Braithwaite refers the court to events that occurred in 2021 and November 2022, which do not suggest that defendants in this action are currently ignoring or mishandling his mental health needs.  Rather, Braithwaite conclusorily asserts that on November 28, 2022, while he was on suicide watch, he covered the cameras in his cell and defendants Taylor, Webster, Payne, Casteel, Mutiva and Waldera failed to protect him from self-harm.  But Braithwaite does not detail how he committed self-harm, much less the interactions that he had with any of these defendants prior to his self-harm.  (*See* dkt. #49.)  Nor does Braithwaite detail how there continues to be a risk that he will harm himself because of these defendants.  Although he refers the court to numerous documents showing that he previously had been placed at the WRC for treatment, those records do not show that his current placement places him at risk of harm.  Therefore, his motions related to injunctive relief and for a hearing (dkt. ##49, 51, 61, 71, 72, 75, 98) are DENIED.

As for Braithwaite's motions related to defendant McGeough (dkt. ##50, 52, 59, 83), they are DENIED as moot.  This defendant has appeared through counsel and the court has set aside the entry of default against her.

Braithwaite's motion seeking a hearing to discuss how his filing fees are being paid (dkt. #85) is also DENIED.  Braithwaite asks that the court adjust how he pays his filing

2

fees in his five federal lawsuits because WSPF staff withheld his entire stimulus check.  But prison officials withhold his filing fees consistent with Wisconsin law.  Because state law governs how prison officials handle deductions for filing fees, this federal court will not interfere with that process.

Finally, Braithwaite asks for clarification about how to satisfy Wisconsin's notice of claim requirements.  (Dkt. #58.)  The court has already granted Braithwaite leave to proceed on negligence claims, accepting for screening purposes that he fulfilled that requirement.  The court has also explained that it cannot provide him legal assistance. Therefore, this motion is DENIED as already resolved.

Defendants' motion for summary judgment (dkt. #63) and for screening (dkt. #56), and Braithwaite's motion to amend complaint (dkt. #53) and for sanctions (dkt. #73) remain pending.  The court intends to issue an opinion and order resolving these remaining motions within the next 60 days.

ORDER

IT IS ORDERED that plaintiff Joshua Braithwaite's motions (dkt. ##49, 50, 51, 52, 58, 59, 61, 71, 72, 75, 83, 85, 98) are DENIED.

Dated this 25th day of April, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge