IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA P. BRAITHWAITE,

                          Plaintiff,

            v.                                                        OPINION and ORDER

LEFFLER, et al.,                                                     21-cv-425-wmc

                          Defendants.

---

*Pro se* plaintiff Joshua Braithwaite contends that between December 28, 2020, and January 2, 2021, several dozen Wisconsin Secure Program Facility ("WSPF") officers allowed him to seriously harm himself with razor blades, requiring stitches, in violation of the Eighth Amendment and state law.  This court granted Braithwaite leave to proceed against 29 WSPF employees for their alleged failure to protect him from self-harm.  The court also granted Braithwaite leave to proceed against seven nurses for failing to provide him with the necessary medical attention after he harmed himself and after he engaged in a hunger strike in March 2021.  The Wisconsin Department of Justice represents most of the defendants ("State Defendants"), although defendant Nicole McGeough is represented separately.

Currently pending before the court are:  (1)  motions for partial summary judgment for failure to exhaust his administrative remedies on behalf of the seven nurses with respect to his medical care claims (dkt. ##63, 103); (2) Braithwaite's motions to supplement and amend his complaint (dkt. ##48, 53, 117); (3) defendants' motion for screening (dkt.

1

#56); and (4) plaintiff's motion for sanctions (dkt. #73).  Because the defendants have established Braithwaite's failure to exhaust his medical care claims, the court will grant those motions for summary judgment.  The court will deny Braithwaite's motion for sanctions.  Finally, the court will not grant Braithwaite's motions seeking to include any additional allegations and claims in this lawsuit.


OPINION

## I.      Exhaustion Motions (dkt. ##63, 103)

Prisoners may not bring a federal claim about events in prison "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  In other words, a prisoner must follow all the prison's rules for completing its grievance process before seeking relief in federal court.  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  This includes:  (1) compliance with instructions for filing an initial, administrative grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) pursuing *all* available appeals from a denial of a grievance "in the place, and at the time, the prison administrative rules require," *Pozo*, 286 F.3d at 1025.  *See also Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).  Moreover, "[e]xhaustion is necessary even if . . . the prisoner believes that exhaustion is futile."  *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006); *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) ("An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement.").

The purpose of this exhaustion requirement is to afford prison administrators a fair opportunity to resolve a prisoner's grievance without litigation.  *Woodford v. Ngo*, 548 U.S.

81, 88-89 (2006). Thus, a prisoner's failure to exhaust constitutes an affirmative defense, which defendant must prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). This means that at summary judgment, defendants must demonstrate that: (1) there is no genuine dispute of material fact as to plaintiff's failure to exhaust; and (2) they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In Wisconsin, prisoners must begin the exhaustion process by filing a grievance with an institution complaint examiner ("ICE") within 14 days after the incident giving rise to the grievance. Wis. Admin. Code § DOC 310.07(2). Among other requirements, a grievance must contain only one, clearly identified issue, as well as sufficient information for the Department of Corrections to investigate and decide the complaint. § 310.07(5)-(6). While the ICE may reject a grievance for specified reasons, § 310.10(6), the prisoner may still appeal the rejection to the appropriate reviewing authority within 10 days under § 310.10(10). If the ICE accepts the grievance, then a recommendation is made to the reviewing authority, who in turn renders a decision. §§ 310.10(12), 310.11. Next, if the ICE's recommendation is unfavorable, then the prisoner may appeal to the corrections complaint examiner ("CCE") within 14 days of the decision, unless good cause is shown for an untimely appeal. § 310.12(1), (6). Finally, the CCE makes a recommendation to the DOC Secretary, who will take final action on the prisoner's grievance. § 310.13.

Here, Braithwaite filed three inmate complaints regarding events that occurred in December 2020 and January 2021. First, he alleged in WSPF-2021-486 that staff falsified his observation records about the frequency of wellness checks. The inmate complaint was

dismissed, and Braithwaite's appeal was rejected as untimely without good cause to justify a late appeal.  Further, Braithwaite's appeal of the rejection for untimeliness was dismissed. Second, Braithwaite alleged in WSPF-2021-993 that staff ignored his self-harm statements on January 2, 2021.  This inmate complaint was also dismissed, and although Braithwaite timely appealed, that, too, was dismissed.  Third, Braithwaite alleged in WSPF-2021-4114 that he was denied medical treatment on March 15, 2021.  The ICE recommended dismissal because Braithwaite's medical treatment issues had already been addressed by WSPF nursing staff on March 14.  After the Reviewing Authority accepted that recommendation and dismissed this inmate complaint, Braithwaite did *not* appeal.

Braithwaite filed no other inmate complaints alleging that any WSPF staff refused to treat his injuries from self-harm following either the December 28 or the January 2 self-harm incidents or his March 2021 hunger strike.  In opposition to defendants' motions for summary judgment, plaintiff Braithwaite maintains that he followed the exhaustion procedures with respect to each of those three inmate complaints, but only offers evidence with respect to the first two complaints -- WSPF-2021-486 and WSPF-2021-993.  Yet *neither* of those complaints concerned allegations of WSPF staff failing to provide medical care after Braithwaite committed self-harm on December 28 or January 2.  Instead, only the third complaint -- WSPF-2021-4114 -- concerned a denial of medical treatment, which Braithwaite failed to appeal.  Thus, because Braithwaite did not follow this required step under the ICRS, Wis. Admin. Code § DOC 310.09(1), he did not exhaust the medical issues he now seeks to raise.  *Pozo*, 286 F.3d at 1025.

4

Having failed to exhaust under any complaint identified by defendants, Braithwaite maintains alternatively that he exhausted his administrative remedies through a fourth inmate complaint not mentioned by defendants:  WSPF-2021-4412.  However, there are two fatal flaws with plaintiff's reliance on this complaint.  First, Braithwaite submitted a copy of the inmate complaint that is essentially unreadable.  Second, after the complaint was received on March 22, 2021, the ICE contemporaneously described Braithwaite's complaint as an allegation that a nurse was lying about his sugar level (dkt. #67-2), which after being dismissed, Braithwaite also failed to appeal as required to exhaust.  (Dkt. #65-1, at 3.)  Therefore, even if properly raised, plaintiff did not exhaust his administrative remedies with respect to any medical care claims raised in WSPF-2021-4412 either.

Finally, Braithwaite contends that because the third and fourth complaints (WSPF-2021-4114 and WSPF-2021-4412) have the word "Closed" stamped across the top, that somehow means he fully exhausted both.  However, that stamp does not create a question of fact as to whether Braithwaite exhausted his administrative remedies with respect to either of these complaints.  A plain reading of the stamp might permit an inference that the file has been closed.  Regardless, and as discussed, plaintiff has offered no evidence to support he actually appealed either complaint, much less that "closing" a file has even been deemed to comply with the ICRS requirements.  To the contrary, again as discussed above, an appeal from dismissal is required to exhaust.  Accordingly, defendants have proven that Braithwaite failed to exhaust his administrative remedies with respect to his medical care claims against all nurse defendants, and the court will dismiss those claims without

prejudice.  *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

## II.     Motion for sanctions (dkt. #73)

Plaintiff Braithwaite also seeks sanctions against Emily Davidson, an Inmate Complaint Examiner, on the ground that she submitted false statements in the declaration submitted to the court.  Specifically, he contends that Davidson lied when she represented that Braithwaite did not file any inmate complaints alleging that medical staff failed to provide treatment for his hunger strike because he had filed WSPF-2021-4412.  However, as already noted, in that inmate complaint Braithwaite alleged that a nurse had lied about testing his blood sugar, rather than that she denied medical treatment for his March 2021 hunger strike.  Perhaps this was meant to be *implied* given the timing of the refusal, but this falls short of showing that Davidson knowingly submitted a false statement to the court, and this motion will be denied.

## III.    Motion to supplement and amend (dkt. ##48, 53, 117)

Finally, Braithwaite seeks to supplement his allegations and to proceed on additional claims for two different self-harming events that allegedly occurred since the court entered its screening order permitting this case to proceed in November of 2022.  First, starting with his request to supplement, Braithwaite seeks to include allegations about policies governing how staff should handle the mental health needs of inmates on clinical observation status.  (Dkt. #48.)  Unfortunately, Braithwaite does not include any

new *factual* allegations, and even more problematic, he does not demonstrate how these policies or procedures buttress his current claims in this lawsuit in his pleading. Perhaps Braithwaite may be able to offer the relevance of these policies and procedures at summary judgment or trial, but he need not include them in his pleading to do so. Therefore, this motion will be denied as unnecessary.

Second, Braithwaite seeks to include new claims arising against WSPF officers Taylor, Webster, Payne, Castel, Mutiva, Feran, Salier, Chestnut, John Doe, Mink, Waldera, Laxton, Boughton, Stoudt, Bayne, Ciran, Sarah Cooper, and Brown for failing to protect him from self-harm. (Dkt. #53.) In particular, Braithwaite now alleges that on November 28, 2022, even though he was on suicide watch, he was able to cover his cell camera and harm himself. Moreover, even after Braithwaite pressed his emergency intercom button requesting medical attention four to five times, he alleges that defendants Webster, Mutiva and Waldera denied him medical attention. Finally, Braithwaite claims that Boughton, Stoudt, Cooper and Ciran each failed to train staff regarding the appropriate way to prevent self-harm. As for the November 2022 incident alone, Braithwaite does not allege: the actual nature or severity of his self-harm; whether he informed any of the defendants that he was considering self-harm before harming himself; and the details of any of his interactions with these defendants supporting a claim of indifference to his medical needs. As a result, this supplement does not satisfy the requirements of Federal Rule of Civil Procedure 8 for a short and plain statement sufficient to state a claim and provide fair notice to each defendant about what he or she did wrong.

Third, Braithwaite seek to proceed on claims arising from events that occurred this past month involving defendants Waldera, Laxton, Johnson, a Doe defendant, and an unknown supervisor. (Dkt. #117.) On June 9, 2023, Braithwaite became stressed and harmed himself with a sharpened pen insert. He alleges that Waldera refused to provide him medical attention, and Laxton and Johnson ignored his request to speak with a supervisor or nurse for medical attention. However, like the alleged November 2022 incident, the inclusion of these supplemental allegations and claims would further complicate an already challenging lawsuit. Braithwaite is already proceeding against 29 defendants for how they handled his threats of self-harm on two occasions in late 2020 and early 2021, and now he wants to add claims for events that occurred almost a year and a year and a half after those incidents.

Lawsuits that include so many claims, defendants and incidents are difficult for defendants to respond to, as well as for the plaintiff and the court to manage. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). When a plaintiff includes too many unrelated claims and defendants in one case, the court has discretion under its inherent authority and Federal Rules of Civil Procedure 20 and 21 to require the plaintiff "to file separate complaints, each confined to one group of injuries and defendants." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

The court will do that with respect to these two supplements, with a word of caution to Braithwaite. Litigating this case will be challenging for Braithwaite, and the court notes that Braithwaite is pursuing three additional lawsuits in this court. Before filing yet another lawsuit for more recent events, Braithwaite should carefully consider whether he

8

has the time and resources to litigate all these cases, at the same time, particularly with each involving numerous incidents and defendants.

ORDER

IT IS ORDERED that:

1. The State Defendants' motion for partial summary judgment (dkt. #63) is GRANTED.

2. Defendant McGeough's motion for summary judgment (dkt. #103) is GRANTED.

3. Plaintiff's medical care claims against defendants Dharma Doll, Kayla Zenz, Stephanie Rodger, Erin Wehrle, Sheryl Kinyon, Jaime Adams and McGeough are DISMISSED without prejudice, and those defendants are dismissed from this lawsuit.  At the close of this case, the clerk of court will enter judgment as to these defendants accordingly.

4. Plaintiff's letter regarding his opposition brief (dkt. #107) is GRANTED insofar as the court excused his failure to follow the summary judgment procedures.

5.  Plaintiff Joshua Braithwaite's motion to supplement (dkt. #48) is DENIED as unnecessary.

6. The State Defendants' motion for screening (dkt. #56) is GRANTED.

7. Plaintiff's motion to amend complaint (dkt. ## 53, 117) are DENIED.

8. Plaintiff's motion for sanctions (dkt. #73) is DENIED.

9.  Defendants' motion to stay discovery (dkt. ##121, 122) are DENIED as moot.

Dated this 7th day of July, 2023.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge