IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA P. BRAITHWAITE,

                      Plaintiff,

     v.

LEFFLER, et al.,

                      Defendants.

OPINION and ORDER

21-cv-425-wmc

---

*Pro se* plaintiff Joshua Braithwaite contends that between December 28, 2020, and January 2, 2021, several dozen Wisconsin Secure Program Facility officers allowed him to harm himself seriously enough with razor blades to require stitches. The court granted Braithwaite leave to proceed against 29 WSPF employees under the Eighth Amendment and state law for their alleged failure to protect him from self-harm. The court also granted him leave to proceed against certain health care professionals for allegedly failing to treat him for his injuries and following a hunger strike. Recently, the court issued an opinion and order (1) granting defendants' motions for summary judgment on the ground that Braithwaite failed to exhaust his administrative remedies with respect to his medical care claims, and (2) denying Braithwaite's request to proceed on additional claims for self-harming events that occurred in November of 2022 and June of 2023. Now before are six motions filed by Braithwaite, which the court resolves in turn.

*First*, Braithwaite asks that the court provide him assistance in obtaining a stenographer/court reporter. (Dkt. #120.) It appears that Braithwaite would like to take

1

depositions of the defendants and witnesses in this case, but he and his family have been having trouble locating a stenographer or court reporter. Braithwaite does not state whether he has provided any defendant or witness notice of a deposition as required under Federal Rule of Civil Procedure 30, nor does he represent that he can pay the court reporter costs or the costs associated with deposing a non-party, which includes witness fees and the costs of travel. Although the court may be in a position to forward Braithwaite information about court reporters, it will not take that step until it receives some assurance that Braithwaite is prepared to conduct depositions in accordance with the Federal Rules of Civil Procedure. This motion is DENIED without prejudice.

*Second* and *Third,* Braithwaite seeks clarification of the court's order denying his motion to amend his complaint. (Dkt. ##124, 125.) The motion is GRANTED only insofar as the court provides the following clarifications about its denial of leave to proceed on claims related to policies and procedures and the meaning of his negligence claims. Although the court did not allow Braithwaite to proceed on new *claims* related to the applicable policies and procedures, he may use the policies and procedures as evidence that the defendants failed to protect him from self-harm and were negligent. Although evidence of a policy violation, alone, does not support a constitutional claim, *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 380 (7th Cir. 2017), that evidence may be admissible. Braithwaite may seek discovery related to those policies and procedures and may seek to introduce them as evidence, either at summary judgment or trial. Braithwaite also asks for guidance about his state-law claims. The court cannot advise Braithwaite about how to litigate his negligence claims; Braithwaite should review the negligence standard described in the

court's screening order (*see* dkt. #32, at 15), and the resources available to him at his institution to determine how to proceed with his negligence claims.

*Fourth*, Braithwaite also seeks clarification as to the purpose of a supplement, and whether he has to pay a separate filing fee to pursue a new lawsuit. (Dkt. #126.) The motion is GRANTED insofar as the court offers the following explanations. The purpose of a supplement is to add discrete allegations of fact and claims to a lawsuit; it is a pleading, which serves to provide notice of the claims and parties in this lawsuit. As for Braithwaite's second question, if he is alluding to the court's decision denying him leave to proceed on failure-to-protect claims for more recent events, Braithwaite will have to file a separate lawsuit and pay a separate filing fee to pursue that lawsuit.

*Fifth,* Braithwaite seeks clarification as to why discovery is cut off after the dispositive motion deadline. (Dkt. #127.) This motion is GRANTED insofar as the court confirms that the order is correct; discovery continues past the summary judgment deadline, although if Braithwaite intends to use discovery materials for purposes of summary judgment, he should take steps to ensure he gets those responses with enough time for him to incorporate the responses into his summary judgment submissions.

*Sixth*, Braithwaite seeks reconsideration of the court's opinion and order granting defendants' exhaustion summary judgment motions. (Dkt. #128.) Braithwaite claims that defendants have not proven that he failed to appeal WSPF-2021-4114, and that one inmate complaint, WSPF-2021-4412, was unreadable. But defendants did submit evidence that Braithwaite failed to appeal his inmate complaints (*see* dkt. ##104-3, 104-4), and Braithwaite has not shown that his unreadable inmate complaint actually raised a

3

concern that his medical needs during a hunger strike were ignored. Therefore, this motion is DENIED as well.

SO ORDERED.

Dated this 24th day of July, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge